MOTT v. INGALSBE.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. LIMITATION OF ACTIONS (§ 155*)—PART PAYMENT.

 Payments made on an account by the debtor's wife without his authority, knowledge, or consent will not remove the bar of the statute of limitations.

 [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 627; Dec. Dig. § 155.*]

2. EVIDENCE (§ 376*)—DOCUMENTARY EVIDENCE—BOOKS OF ACCOUNT—AUTHENTICATION.

 Proof by those who have dealt and settled with plaintiff from his books of account, consisting of various books of original entries made by himself, that he keeps fair and honest accounts, renders all the books admissible, though some of the charges against the defendant appear in a book containing no entries against the witnesses.

 [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1633; Dec. Dig. § 376.*]

Appeal from Judgment on Report of Referee.

Action by Albert Mott against Grenville M. Ingalsbe, as executor of Lyman H. Northup, deceased. From a judgment on a Referee's Report, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

King & Angell (Edward M. Angell, of counsel), for appellant.
Arnold & Sherman (A. D. Arnold, of counsel), for respondent.

COCHRANE, J. Plaintiff, a physician, has been awarded by the referee $170 on his claim of $1,744 for professional services rendered to the defendant's testator. The services extended over 21 years prior to the death of the testator on December 14, 1906. The referee decided that the statute of limitations was a defense to so much of the claim as accrued more than six years prior to the death of the testator, and permitted a recovery for whatever services plaintiff was able to prove had been rendered within such period of six years.

The referee correctly applied the statute of limitations. The payments claimed to have been made on account of the services were made by the wife of the testator without his knowledge or consent; nor were they, so far as appears, authorized or ratified by him, and there is no other evidence which removes the bar of the statute.

The referee, however, erroneously excluded from evidence the plaintiff's books of account. These consisted of divers small books or diaries containing original entries of his professional visits. If admitted in evidence they would have tended to show that he had rendered more professional services within the six years prior to the testator's death than he was able to demonstrate without the aid of such books. Two witnesses testified that they had previously employed plaintiff from time to time, and that they had settled their accounts with him from his books, and on such settlements found his books to be correct. The accounts thus testified to by these witnesses were contained in four books. The referee found that the accounts of these witnesses as contained in the books were correct, and that the said four books were honestly and fairly kept, but excluded the remainder of the books because they contained no entries of the accounts which were settled by these witnesses. It appeared that the plaintiff kept no clerk, and some of the services indicated by the books had been in fact rendered to the testator as found by the referee. The preliminary proof necessary to make the books admissible in evidence was thus brought squarely within the rule declared in Vosburgh v. Thayer, 12 Johns. 461, and many times reiterated. If these accounts had all been kept in one book, unquestionably such book, after the preliminary proof here made, would have been competent evidence. The fact that they appeared in various books is an unimportant circumstance. What was required within the rule of the Vosburgh Case was proof that plaintiff kept "fair and honest accounts, and this by those who have dealt and settled with him." The purpose of this requirement is to raise a presumption of the accuracy of the bookkeeping methods, and such presumption, when established, is not necessarily limited to the books containing the accounts of the witnesses called to establish the fairness of such accounts.

The judgment must be reversed, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur.